# 14CV1338

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**DAVID ROBINSON JR,**

    Plaintiff,

-vs-

**COMMISSIONER WILLIAM BRATTON;**
The New York City Police Department;

**MAYOR BILL de BLASIO;** The City of
New York, in their individual
and official capacities,

    Defendants.

COMPLAINT
JURY TRIAL DEMANDED

42 U.S.C. § 1983



---

Plaintiff, DAVID ROBINSON JR respectfully submits the following:

## INTRODUCTION AND JURISDICTION

1. This is an action at law to redress the deprivation by the defendants, acting under color of state law, statutes, ordinances, regulations, customs and/or usage of a privilege or immunity secured by plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States America, Article VI of the United States Constitution, Title 18 §§ 241, 242, 42 U.S.C. § 1985(3) with intent to deny plaintiff his Civil Rights, all which arise under federal law particularly 42 U.S.C. section 1983, and the Constitution, Laws, and Statutes of the United States and the State of New

1

York. Plaintiff is seeking monetary damages, injunctive relief and declaratory judgment.

2. Exclusive jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

## PARTIES

3. At all times relevant to this complaint, plaintiff DAVID ROBINSON JR. resides at 214 Beach 96th Street, # 6L, Rockaway Beach NY 11693.

4. At all times relevant, defendant Bratton is a municipal agent, servant, employee in his individual and official capacity of Commissioner of the New York City Police Department and was acting under color state of law. His principal place of business is One Police Plaza, New York NY 10038.

5. At all times relevant, defendant New York City Police Department is a Domestic Municipal Corporation/Political Subdivision duly organized and existing by virtue of the laws of the State of New York, charged with the duty to promulgate policy, customs, regulations, train supervise and employ. Defendants were acting under color of city law and within its official capacity.

6. At all times relevant, defendant De Blasio is a municipal agent, servant, employee in his individual and official capacity as Mayor City of New York. His principal place of business is City Hall, New York NY 10007. Defendant was acting under color of state law.

7. At all times relevant, defendant the City of New York, is a Domestic Municipal Corporation/Political Subdivision duly organized and existing by

virtue of the laws of the City of New York, charged with the duty to promulgate policy, customs, regulations, train, supervise and employ. Defendants were acting under color of city law and within its official capacity.

## LEGAL FRAMEWORK

8. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and **seizures,** shall not be violated, and no warrant shall issue, but upon probable cause....

9. The Fifth Amendment provides that no person shall ......be deprived life, liberty or property without due process of law...

10. The Eighth Amendment provides Excessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted.

11. The Fourteenth Amendment provides all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any persons of life, liberty or property, without due process of law; nor deny any person within its jurisdiction the equal protection of laws.

12. United States Constitution Article VI, cl. 3 provides that Senators and Representatives before mentioned, and Members of several state

3

legislatures, and all executives and judicial officers, both of the United States and of the several states, **shall be bound by oath or affirmation, to support this Constitution.**

13. These rights are grounded and secured by the Constitution. "Where the rights secured by the Constitution are involved **there can be no rule making or legislation which abrogates them**". <u>Miranda v. Arizona</u>, 384 U.S. 116.

14. Title 18 U.S.C. § 241: Conspiracy against rights if two or more persons conspire to injure, or oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; ...
They shall be fined not more than $10,000 or **imprisoned** not more than ten years, or both; and if death results, they shall be subject to **imprisoned** for any term of years or for life.

15. Title 18 U.S.C. § 242: Deprivation of rights under color of law. **Whoever under color of law, statue, ordinance, regulations, or custom,** willfully subjects and inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States...shall be fined not more than $1,000 or **imprisoned** not more than one year, and if bodily injury results shall be fined under this title or **imprisoned** not more than ten

4

years, or both, and if death results shall be subject to **imprisonment for any** terms of years of life.

16. A private citizen has no standing to force arrests and prosecution in Federal Court. However, pursuant to 18 U.S.C. §§ 241, 242 willful conspiracy to deprive secured rights, are criminal acts. U.S. Judges are charged with the duty, among other things, to institute prosecution under the laws relating to crimes against the elective franchise, and civil rights, and to appoint persons to execute warrants thereunder. U.S. V Allred, 155 U.S. 591; U.S. v Jones, 134 U.S. 483.

17. The deliberate indifference standard may be satisfied "when the municipality has actual and constructive notice that its action or failure is substantially certain to result in a constitutional violation, and it consciously and deliberately chooses to disregard the risk of harm". Olson v. Layton Hills Mall, 312 F.2d 1304; Woodward v. City of Worland, 977 F.2d 1392, 1400; cert denied 113 S.Ct 3038.

### IMMUNITY

18. Immunity does not provide protection to individuals who abuse the authority of their official capacity to engage in criminal conduct or flout the criminal law with impunity. U.S. v. Baum, 32 F. Supp. 2d (SDNY); U.S. v. Aguilar, 515 U.S. 593.

19. Qualified Immunity does not protect government officials whose conduct violates "clearly established statutory or constitutional rights of

which an objectively reasonable official would have known". Harlow v. Fitzgerald, 457 U.S. 800.

20. By its terms, 1983 "creates a species of tort liability that on its face admits no immunities". Imbler v. Pachman, 424 U.S. 409. Its language is absolute and unqualified, and no mention is made of any privileges, immunities, or defenses that may be asserted. Rather, the statute imposes liability upon "every person" (held in Monell v. New York City Dept. of Social Services, 436 U.S. 658, to encompass municipal corporation) who under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States... to deprivation of any rights, privileges, or immunities secured by the constitution and laws". Owens v. City of Independence, 445 U.S. 622.

## STATEMENT OF FACTS

21. Plaintiff contends at approximately 21:30 hrs., on Sunday February 23, 2014, Mr. ROBINSON was driving north on Rockaway Beach Boulevard in Far Rockaway New York. At approximately the 62nd street on Rockaway Beach Boulevard he encountered a NYC Gestapo **Checkpoint** in the form of a **"vehicle safety inspection"** Checkpoint activated by Ten (10) **Nazi NYC Police Officers**. Who were stopping and checking all vehicles going in both directions.

22. The two (2) vehicles in front of grievant were both inspected and grievant proceeded forward and was stopped and approached by a single

6

officer who told him to roll his window down. Said officer stated that the checkpoint is a "**vehicle safety inspection**" and all vehicles on this route are being stopped and inspected. Grievant was allowed to proceed without further incident.

## CONSPIRACY TO DEPRIVE

23. Grievant contends that the City of New York and the NYPD have perpetually and willingly practiced policies which subjects citizens to unconstitutional searches. As displayed with **Stop and Frisk**, the NYC Transit systems' "**random search**" and **random DUI Checkpoints** among other things. Commissioner Bratton and Mayor de Blasio addressed Stop and Frisk and are both aware of the prior administration venal mentality with regards to all its search policies.

24. Mayor de Blasio and Commissioner Bratton have adopted these policies and by doing so have acted with deliberate indifference to their legal duty to honor the United States Constitution and protect the Citizens' right from random, unwarranted searches.". Olson v. Layton Hills Mall, 312 F.2d 1304; Woodward v. City of Worland, 977 F.2d 1392, 1400; cert denied 113 S.Ct 3038. Their failure to act is tacit acquiesce that they knowingly and willingly violated "clearly established statutory or constitutional rights of which an objectively rational official would have known". Harlow v. Fitzgerald, 457 U.S. 800.

7

## SECURED RIGHTS

25. The IV Amendment secures citizens from illegal search and seizure without probable cause. The V Fifth Amendment secures citizens against government excess and protects due process of law. The VIII protects citizens against unusual punishment. The XIV protects citizens' equal protection rights. Article VI of the United States Constitution provides that all Legislative, Executive and Judicial Officers possess a legal and fiduciary duty to honor the Constitution.

26. Grievant was subjected to an arbitrary, capricious **random "vehicle safety inspection"** search which exploited his rights to be free from random warrantless search, subjected him to unusual treatment, deprived equal protection and due process of law. The entitled actors' exploits are beyond the boundaries of law and must be construed as **conspiracy**. All of which are secured by CONST. AMENDS. IV, V, VIII, XIV, CONST. ART. VI 42 U.S.C. §§ 1983, 1985, Title 18 §§ 241, 242 among other things.

## CONSLUSION

RES ISPA LOQUITOR the facts and only the facts recites that defendants City of New York and NYPD practice Legacy of Unconstitutional delinquencies in its legislation and execution of its multiple "search engines". The facts further display that defendants de Blasio and Bratton willingly adopted the Legacy. These actors knowingly implemented policy beyond construct of law, their exploits must be construed as **conspiracy**. They must

8

be reminded that "The Government of the United States is emphatically termed a government of laws and not of men". Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163.

### FIRST CAUSE OF ACTION

27. The defendants' City of New York and NYPD practice policy which subjected Plaintiff to a "vehicle safety search" that exploited his IV Amendment rights secured by the United States Constitution.

### SECOND CAUSE OF ACTION

28. The defendants' City of New York and NYPD subjected Plaintiff to search in excess of government authority that deprived him due process of law and exploited his V Amendment right secured by the United States Constitution.

### THIRD CAUSE OF ACTION

29. The defendant's City of New York and NYPD subjected Plaintiff to an unusual search that exploited his VIII Amendment rights secured by the United States Constitution.

### FOURTH CAUSE OF ACTION

30. The defendants' City of New York and NYPD subjected Plaintiff to an arbitrary and capricious search that exploited his XIV Amendment rights secured by the United States Constitution.

## FIFTH CAUSE OF ACTION

31. The defendants de Blasio and Bratton acted with deliberate indifference to policy which subjected Plaintiff to a "vehicle safety search" that exploited his IV Amendment rights secured by the United States Constitution.

## SIXTH CAUSE OF ACTION

32. The defendants de Blasio and Bratton acted with deliberate indifference to policy which subjected Plaintiff to search in excess of government authority and deprived him due process of law and exploited his V Amendment right secured by the United States Constitution.

## SEVENTH CAUSE OF ACTION

33. The defendants de Blasio and Bratton acted with deliberate indifference to policy which subjected Plaintiff to an unusual search that exploited his VIII Amendment rights secured by the United States Constitution.

## EIGHTH CAUSE OF ACTION

34. The defendants de Blasio and Bratton acted with deliberate indifference to policy which subjected Plaintiff to an arbitrary and capricious search that exploited his XIV Amendment rights secured by the United States Constitution.

## NINTH CAUSE OF ACTION

35. The defendants City of New York, NYPD, de Blasio and Bratton failed to honor their legal and fiduciary duty to the Constitution by conspiring to implement multiple "search engines" which desecrates several Amendments to the Constitution. Their actions exploited Plaintiff rights secured by Art. VI of the Constitution, 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1985(3).

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

36. Issue a declaratory judgment that the defendants conspired to illegally search citizens, subject government excess, deny due process of law, administer unusual punishment, and equal protection of law.

37. Issue a declaratory judgment that the defendants action are conspiracy and criminal in nature 18 U.S.C. §§ 241 AND 242 among other things.

38. Issue a declaratory judgment that the defendants violated Art. VI of the Constitution.

39. Issue an injunctive judgment immediately prohibiting the defendants from practicing their policy of illegally searching citizens under the guise of "vehicle safety inspection".

40. Plaintiff requests compensatory damages from defendant William Bratton, at the minimum of three million dollars and zero cents in his official capacity; and three million dollars and zero cents in his individual capacity.

41. Plaintiff requests compensatory damages from defendant Bill de Blsio, at the minimum of five hundred thousand dollars and zero cents in his official capacity; and the minimum five hundred thousand dollars and zero cents in his individual capacity.

42. Plaintiff requests compensatory damages from the NYPD and the City of New York, each at the minimum of ten million dollars and zero cents in their official capacity.

43. Plaintiff requests punitive damages from defendants Raymond Kelly, Michael Bloomberg, NYPD, and the City of New York each at the minimum of three million and zero cents.

44. Plaintiff has filed no other lawsuit in state or federal court raising these issues.

45. Plaintiff prays that the court grant the relief requested and any further relief deemed just and proper.

Signed this 25th day of February, 2014, I declare under the penalty of perjury the foregoing is true and correct.

*David Robinson Jr*

DAVID ROBINSON JR

214 Beach 96th Street, #6L

Rockaway Beach NY 11693

I declare under the penalty of perjury on this 25th day of February, 2014, I will deliver this complaint to the U.S. District Court for the Southern District of New York.

*David Robinson Jr*
Plaintiff Pro se