UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAVID ROBINSON, Jr.,

                Plaintiff,

-against-

COMMISSIONER WILLIAM BRATTON, THE
NEW YORK CITY POLICE DEPARTMENT,
MAYOR BILL de BLASIO, and THE CITY OF
NEW YORK, in their individual and official
capacities,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-2642 (SLT) (LB)

**TOWNES, United States District Judge:**

*Pro se* plaintiff David Robinson, Jr., brings this civil rights action against the City of New York; its mayor, Bill de Blasio; the New York City Police Department (the "NYPD") and NYPD Commissioner William Bratton (collectively, "Defendants"), alleging that Defendants, acting in their individual and official capacities, violated his rights under various federal Constitutional amendments and statutes by stopping his car at a checkpoint and conducting what one officer characterized as a "vehicle safety inspection." Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted but, for the reasons set forth below, five of the nine cause of action alleged in plaintiff's complaint are dismissed and the NYPD is dismissed as a defendant. The remaining four causes of action may proceed against the City of New York, the Mayor, and the Police Commissioner.

## BACKGROUND

The following facts are drawn from the complaint, the allegations of which are assumed to be true for purposes of this memorandum and order. On the evening of February 23, 2014, plaintiff was driving north on Rockaway Beach Boulevard in Far Rockaway, New York

(Complaint, ¶ 21). At around 9:30 p.m., plaintiff encountered a "vehicle safety inspection" checkpoint staffed by ten NYPD officers who "were stopping and checking all vehicles going in both directions" (*id.*). After the two vehicles in front of plaintiff's car were inspected, plaintiff "proceeded forward and was stopped and approached by a single officer who told him to roll his window down" (*id.*, ¶ 22.) The officer then told plaintiff that the checkpoint was for a "vehicle safety inspection," and that "all vehicles on this route are being stopped and inspected" (*id.*). The complaint does not allege what, if anything, the officer did to inspect the vehicle or how long the inspection lasted. However, the complaint states that plaintiff was "allowed to proceed without further incident" (*id.*).

On February 26, 2014, plaintiff commenced this action by filing a complaint in the United States District Court for the Southern District of New York (the "SDNY"), along with a request to proceed *in forma pauperis*. Approximately two months later, the SDNY's Chief Judge, acting *sua sponte*, issued an order transferring the case to this Court pursuant to 28 U.S.C. § 1404(a). Chief Judge Preska did not rule on plaintiff's motion to proceed *in forma pauperis*.

Plaintiff's complaint alleges that the "arbitrary, capricious random 'vehicle safety inspection' search" violated plaintiff's rights under various federal Constitutional and statutory provisions. Although the complaint does not specifically allege that plaintiff is bringing this action pursuant to 42 U.S.C. § 1983, the pleading mentions § 1983 in the caption, in a paragraph entitled "Introduction and Jurisdiction" (*id.*, ¶ 1), and in a subsequent paragraph (*id.*, ¶ 20).

The complaint specifically alleges nine causes of action. The first four causes of action are brought against the City of New York and the NYPD alone and allege that the search violated plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendment of the United States Constitution. The first cause of action alleges that the two defendants' "practice policy which

2

subjected Plaintiff to a 'vehicle safety search'" violated plaintiff's Fourth Amendment rights (*id.*, ¶ 27). The second cause of action alleges that these two defendants "subjected Plaintiff to search in excess of government authority that deprived him of due process of law" and thereby violated the Fifth Amendment (*id.*, ¶ 28). The third cause of action alleges that these two defendants "subjected Plaintiff to an unusual search," which allegedly violated his Eighth Amendment rights (*id.*, ¶ 29). The fourth cause of action alleges that these defendants "subjected Plaintiff to an arbitrary and capricious search," in violation of his rights under the Fourteenth Amendment (*id.*, ¶ 30).

The next four causes of action are brought against defendants Mayor de Blasio and Commissioner Bratton only, alleging that these two defendants acted with deliberate indifference to policies which resulted in the Constitutional violations set forth in the first four causes of action. The fifth cause of action alleges that the Mayor and Police Commissioner were deliberately indifferent to a policy which subjected plaintiff to a "vehicle safety search" which violated his Fourth Amendment rights (*id.*, ¶ 31). The sixth cause of action alleges deliberate indifference to a "policy which subjected Plaintiff to [a] search in excess of government authority and deprived him [of] due process of law and . . . his V Amendment right . . ." (*id.*, ¶ 32; brackets added). The seventh and eighth causes of action allege deliberate indifference to a policy which subjected plaintiff to "an unusual search that exploited his VIII Amendment rights" and "an arbitrary and capricious search that exploited his XIV Amendment rights," respectively (*id.*, ¶¶ 33-34).

The ninth cause of action alleges:

> The defendants City of New York, NYPD, de Blasio and Bratton failed to honor their legal and fiduciary duty to the Constitution by conspiring to implement multiple 'search engines' which

3

desecrates several Amendments to the Constitution. Their actions
exploited Plaintiff['s] rights secured by Art. VI of the Constitution,
18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1985(3).

(Complaint, ¶ 35; brackets added). Although this cause of action does not elaborate on plaintiff's claim under Article VI, another paragraph of plaintiff's complaint notes that "Article VI, cl. 3," requires, among other things, that "all executives and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution . . ." (Complaint, ¶ 12).

The Complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. First, plaintiff requests a judgment declaring (1) "that the defendants conspired to illegally search citizens, subject government excess, deny due process of law, administer unusual punishment, and [sic] equal protection of law" (id., ¶ 36); (2) that the defendants['] action[s] are conspiracy and criminal in nature 18 U.S.C. §§ 241 AND 242 among other things" (id., ¶ 37; brackets added); and (3) that the defendants violated Art. VI of the Constitution" (id.,

¶ 38). Second, plaintiff requests an injunction "prohibiting the defendants from practicing their policy of illegally searching citizens under the guise of [a] 'vehicle safety inspection" (id., ¶ 39; brackets added). Third, plaintiff seeks compensatory damages from each of the four defendants in their individual and official capacities (id., ¶¶ 40-42), as well as punitive damages "from defendants Raymond Kelly [sic], Michael Bloomberg [sic], NYPD, and the City of New York . . ." (id., ¶ 43).[1]

---

[1] Former Mayor Bloomberg and former Police Commissioner are not mentioned anywhere else in the complaint. This Court assumes that plaintiff meant to refer to Mayor de Blasio and Commissioner Bratton.

4

# DISCUSSION

## A. Standard of Review

Title 28, Section 1915(e)(2), of the United States Code provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian* v. *Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (internal quotation marks and brackets omitted) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude," *Ruotolo* v.

5

*I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### B. Plaintiff's Claims

By citing to 42 U.S.C. § 1983 in both the caption and the body of his complaint, plaintiff implies that this is a civil rights action brought pursuant to that section. Section 1983 itself "creates no substantive rights," but provides an avenue "for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To state a claim under § 1983, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). In addition, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

#### *1. The First Eight Causes of Action*

Plaintiff's first eight causes of action allege violations of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff is entitled to proceed on the Fourth/Fourteenth Amendment claims. This Court notes that fixed, traffic-safety checkpoints have been ruled lawful under some circumstances. *See United States v. Bernacet*, 724 F.3d 269, 273 (2d Cir. 2013). However, the reasonableness of the seizure occasioned by this type of stop depends on the facts, which will be determined during the course of discovery.

Plaintiff's complaint does not make out a Fifth or Eighth Amendment violation. In assessing plaintiff's Fifth Amendment claims, this Court must first assess whether plaintiff is alleging a violation of substantive due process, procedural due process, or both. "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense . . ." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). Procedural due process requires that government action depriving an individual of substantial interests in life, liberty or property "be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

The two causes of action which allege violations of the Fifth Amendment both focus on government excesses, implying that plaintiff is alleging a violation of substantive due process. The second cause of action alleges that the City and the NYPD "subjected Plaintiff to search in excess of government authority that deprived him of due process of law" and thereby violated the Fifth Amendment (*id.*, ¶ 28). The sixth cause of action alleges deliberate indifference to a "policy which subjected Plaintiff to [a] search in excess of government authority and deprived him [of] due process of law and . . . his V Amendment right . . . " (*id.*, ¶ 32; brackets added). These two causes of action do not allude to a violation of procedural due process. Accordingly, this Court construes plaintiff's second and sixth causes of action as alleging only substantive due process violations. To the extent that this Court is incorrect, plaintiff may amend his complaint to clarify his Fifth Amendment claims.

The Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225-226 (1985)). Accordingly, "[w]here a particular

7

Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (internal quotation marks in *Oliver* omitted). "Substantive due process analysis is therefore inappropriate . . . if [plaintiff's] claim is 'covered by' the Fourth Amendment." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998).

In this case, the arbitrary government behavior which gives rise to plaintiff's substantive due process claim is the allegedly unlawful stop and search of plaintiff's car. The Fourth Amendment of the United States Constitution, which prohibits "unlawful searches and seizures," explicitly provides protection against the very sort of government behavior which serves as the basis for plaintiff's substantive due process claim. Since this claim is "covered by" the Fourth Amendment, plaintiff's second and sixth causes of action are dismissed. *See Lewis*, 523 U.S. at 843.

Plaintiff's complaint also fails to make out a claim under the Eighth Amendment of the United States Constitution. As plaintiff's complaint correctly notes, the Eighth Amendment prohibits, among other things, "cruel and unusual punishment" (Complaint, ¶ 10). Yet, the third cause of action in plaintiff's complaint alleges that defendants City of New York and NYPD violated the Eighth Amendment by subjecting plaintiff to an "unusual search" (*id.*, ¶ 29). Similarly, the seventh cause of action alleges that defendants de Blasio and Bratton were deliberately indifferent to a policy which subjected plaintiff to an "unusual search" which allegedly violated plaintiff's Eighth Amendment rights (*id.*, ¶ 33).

8

By its terms, the Eighth Amendment prohibits "unusual punishment," not unusual searches. Moreover, the Eighth Amendment protects only convicted prisoners, not even pre-trial detainees. *See, e.g., United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("the Eighth Amendment's protection does not apply 'until after conviction and sentence.'") (quoting *Graham*, 490 U.S. at 392 n. 6). In this case, plaintiff does not allege that he was even detained, much less convicted, as a result of Defendants' allegedly wrongful acts or omissions. Rather, the complaint alleges that plaintiff was ultimately "allowed to proceed without further incident" (Complaint, ¶ 22). Accordingly, the Eighth Amendment is inapplicable to this case+ and the third and seventh causes of action are dismissed.

### 2. *The Ninth Cause of Action*

The ninth cause of action alleges that all four Defendants "failed to honor their legal and fiduciary duty to the Constitution by conspiring to implement multiple 'search engines,'" and thereby violated plaintiff's rights under "Article VI of the Constitution, 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1985(3)." This Court is uncertain what "fiduciary" duties plaintiff is referring to, or what plaintiff means by "multiple search engines." However, the facts alleged in plaintiff's complaint do not suggest a violation of Article VI of the United States Constitution or 42 U.S.C. § 1985, and plaintiff cannot sue for violations of 18 U.S.C. §§ 241 and 242.

First, as plaintiff correctly notes in paragraph 12 of his complaint, "Article VI, cl. 3," requires, among other things, that "all executives and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support [the federal] Constitution . . . ." Nothing in Article VI, however, creates a private right of action in favor of individuals whose rights have been violated by state and municipal officials. Rather, as noted

above, 42 U.S.C. § 1983 provides mechanism through which plaintiff can sue Defendants for violations of his Constitutional rights.

Second, the facts alleged in plaintiff's complaint do not suggest a violation of 42 U.S.C. § 1985(3). To make out a violation of this subsection, a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983). The private right of action created by this subsection does not extend "to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). Rather, a plaintiff must show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (internal quotation omitted); *see also Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

The complaint in this case does not allege that plaintiff is a member of a particular race or class. Moreover, plaintiff's pleading does not suggest that the stop was motivated by racial or class-based animus. To the contrary, the pleading specifically alleges that the police were "stopping and checking *all* vehicles going in both directions" (Complaint, ¶ 21) (emphasis added), apparently without regard to the race of the occupants.

Third, plaintiff cannot sue to compel a prosecution for violations of 18 U.S.C. §§ 241 and 242, or to collect damages for violations of these statutes. Sections 241 and 242 "are provisions of the criminal code that prohibit the deprivation of a person's civil or Constitutional rights."

*Delarosa v. Serita*, No. 14-CV-737 (MKB), 2014 WL 1672557, at *2 (E.D.N.Y. Apr. 28, 2014). "A private citizen does not have a constitutional right to . . . compel the initiation of criminal proceedings." *Lis v. Leahy*, No. CIV-90-834E, 1991 WL 99060 at *1 (W.D.N.Y. June 3, 1991). Rather, "criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." *Solomon v. H.P. Action Center, H.P.D.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999).

In addition, while 42 U.S.C. § 1983 provides a mechanism by which a plaintiff may sue for federal statutory violations, a private individual may bring suit under a federal statute only when that statute creates a private right of action. *See, e.g., Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308, 311-12 (2d Cir. 2000). The Second Circuit has held that there is no private right of action under 18 U.S.C. § 242, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994), and has observed in an unpublished opinion that "[n]othing in the language or structure of [18 U.S.C. § 241] . . . suggests that Congress intended to create a private right of action" under that statute either. *Hill v. Didio*, 191 Fed. App'x 13, 14 (2d Cir. 2006) (summary order) (citing *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir. 1987) (per curiam)).

### C. The Defendants

Plaintiff names as defendants both the City of New York and the NYPD, which is an agency of the City. City agencies themselves are not suable entities. N.Y. City Charter § 396; *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."). Rather, suits against New

York City agencies must be brought against the City of New York. *Id.* Accordingly, the NYPD is dismissed as a defendant.

Plaintiff's claims against the remaining defendants may proceed. A municipality can be liable under § 1983 if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Since plaintiff alleges that the traffic stop which allegedly violated his Constitutional rights was conducted pursuant to a municipal policy, plaintiff's claims against the City of New York may proceed.

Similarly, plaintiff may proceed with his claims against Mayor de Blasio and Commissioner Bratton. While "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)), personal involvement may be established, *inter alia*, by evidence of a supervisory official's "deliberate indifference to the rights of others" as manifested by a failure "to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003). In this case, plaintiff alleges that the Mayor and the Police Commissioner "acted with deliberate indifference to [a] policy" which subjected Plaintiff to deprivations of his constitutional rights under the Fourth and Fourteenth Amendments. (Compl. ¶¶ 24, 31-34).

## CONCLUSION

For the reasons set forth above, plaintiff's second, third, sixth, seventh and ninth causes of action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, the claims against the New York City Police Department are dismissed. No summonses shall issue against the NYPD.

Plaintiff's remaining claims against the City of New York, Mayor de Blasio, and Police Commissioner Bratton may proceed. The Court respectfully directs the Clerk of Court to issue summonses, and directs the United States Marshals Service to serve copies of plaintiff's complaint, this memorandum and order, and the summonses on the three remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel of the City of New York. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/SLT

SANDRA L. TOWNES
United States District Judge

Dated: July 8, 2014
Brooklyn, New York